**F I L E D**

**UNITED STATES COURT OF APPEALS**

**February 23, 2007**

**TENTH CIRCUIT**

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff - Appellee, | No. 06-3262 |
| v. | (D. Kansas) |
| SHAWN L. DIGHERA, | (D.C. No. 06-CV-3026-RDR) |
| | (D.C. No. 97-CR-40072-RDR) |
| Defendant - Appellant. | |

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

On March 24, 1998, Shawn Dighera pleaded guilty in the United States District Court for the District of Kansas to possession of methamphetamine with intent to distribute. *See* 21 U.S.C. § 841(a)(1). The district court sentenced him to 70 months' imprisonment. Mr. Dighera filed a motion under 28 U.S.C. § 2255 on January 19, 2006, contending that his conviction should be set aside because a recent investigation and report by the Shawnee County District Attorney revealed that certain officers may have tampered with evidence and committed acts of

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

perjury in other cases. The motion was denied by the district court. He then filed a request for a certificate of appealabilty (COA) with the district court. *See id*. § 2253(c)(1)(B) (requiring COA to appeal denial of § 2255 motion). The district court has not ruled on the request and it is deemed denied. *See* 10th Cir. R. 22.1(C). He filed a notice of appeal on July 19, 2006, and requests that we grant a COA. We deny a COA and dismiss the appeal.

Topeka law-enforcement officers responded to a security alarm at Mr. Dighera's home on December 10, 1996. After entering the home and discovering drug paraphernalia, they obtained a search warrant. Officers Randy Listrom and Bruce Voigt, who had been trained to evaluate the dangers of methamphetamine labs, put on protective clothing and equipment and conducted a sweep of the home. They then informed the other officers that it was safe to enter the home. The officers discovered 300 grams of methamphetamine. Mr. Dighera's conviction and sentence were upheld in *United States v. Dighera*, 185 F.3d 875 (10th Cir. 1999) (unpublished table decision).

Mr. Dighera alleges (though there is no evidence in the record before us to support his allegations) that in October 2005—long after his conviction—certain Topeka law-enforcement officers, including Officer Bruce Voigt, were charged with various crimes involving dishonest practices in collecting evidence against suspects. These charges were ultimately dismissed. But Mr. Dighera contended before the district court that the allegations against these officers supported a

claim that his constitutional rights had been violated under *Brady v. Maryland*, 373 U.S. 83 (1963) (prosecution must disclose exculpatory evidence to defendant before trial).

Mr. Dighera's appellate counsel, Stephen W. Kessler, has filed a motion to withdraw as appellate counsel because his client lacks a meritorious argument. *See Anders v. California*, 386 U.S. 738 (1967) (court may grant counsel's motion to withdraw after counsel files brief exploring possible avenues of appeal and demonstrating that all lack merit). Mr. Dighera has not responded by filing a pro se brief. The government has declined to file a brief.

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, an applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id*. On appeal of the denial of a § 2255 motion, we review the district court's legal conclusions de novo and its findings of fact for clear error. *See United States v. Orange*, 447 F.3d 792, 796 (10th Cir. 2006)

Mr. Dighera contends that the prosecution knew or should have known about the Topeka law-enforcement officers' alleged misconduct and that its failure to disclose such information before trial violated his rights under *Brady*. "To establish a violation of *Brady* . . . , a defendant must demonstrate (1) the prosecution suppressed evidence, (2) the evidence was favorable to defendant, and (3) the evidence was material." *United States v. Quintanilla*, 193 F.3d 1139, 1149 (10th Cir. 1999). The district court properly reasoned, however, that the report of misconduct by the Topeka police, even if its contents were credited entirely, would "[a]t best . . . provide[] some impeachment evidence which is insufficient for relief under § 2255." R. Vol. One Doc. 91 at 9. As the Supreme Court stated in *United States v. Ruiz*, 536 U.S. 622, 633 (2002), "[T]he Constitution does not require the Government to disclose material impeachment evidence prior to entering a plea agreement with a criminal defendant." The district court's ruling could not be debated by reasonable jurists. Because the record and briefs reveal no nonfrivolous issue, Mr. Dighera is not entitled to relief, and his counsel is entitled to withdraw.

We DENY Mr. Dighera's application for a COA, DISMISS the appeal, and GRANT the motion of Mr. Kessler to withdraw as appellate counsel.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge

-4-