FILED
United States Court of Appeals
Tenth Circuit

June 26, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

NOEL LAVERN ELLSBURY,

Defendant - Appellant.

No. 13-5008
(D.C. Nos. 4:09-CR-00051-GKF-1 and
4:11-CV-00114-GKF-PJC)
(D. N.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY
AND DISMISSING APPEAL**

Before **HARTZ**, **O'BRIEN**, and **GORSUCH**, Circuit Judges.

Under a plea agreement, Noel Ellsbury pled guilty to a controlled substance crime. He now seeks to appeal from the denial of his motion for post-conviction relief under 28 U.S.C. § 2255. Specifically, he claims the government withheld evidence possibly useful in impeaching witnesses who were unlikely to be called to testify if his case had gone to trial. Because he has failed to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we deny his request for a certificate of appealability (COA).

In the agreement, Ellsbury waived his rights to file either a direct appeal or any 28 U.S.C. § 2255 motions, "except for claims based on ineffective assistance of counsel

which challenge the validity of the guilty plea or this waiver." (R. Vol. I at 85.) In exchange for his guilty plea the other two counts charged in the indictment were dismissed. He was sentenced to 188 months.

He did not appeal but he did file a *pro se* 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. In it, he raised a variety of arguments claiming ineffective assistance of counsel (IAC). The motion was denied. With respect to his IAC arguments, he does not seek to appeal from the denial.

However, about two months after he filed his § 2255 motion—but before the judge ruled on it—Ellsbury supplemented his motion. In his supplementary filing, he alleged he had learned of police misconduct tainting his arrest and conviction. He also argued the prosecution had failed to disclose this misconduct as required under *Brady v. Maryland*[1] and contended this failure undermined the voluntariness of his plea agreement. He included a letter from a romantic acquaintance, Candis Browning, as an attachment. In the letter, Browning, who Ellsbury characterizes as a "cooperating witness," details her involvement with Tulsa Police Officer Eric Hill. (R. Vol. I at 121.) In pertinent part, the letter suggests Hill lied to Browning and pursued a sexual relationship with her to secure her cooperation against Ellsbury.

Despite this revelation, the judge denied Ellsbury's motion. As to the *Brady* claim, he concluded the allegations were barred by the waiver in the plea agreement, and,

---

[1] 373 U.S. 83 (1963); *see also Smith v. Cain*, 132 S. Ct. 627, 630 (2012) (elaborating on *Brady*'s requirements).

in any event, were not timely raised.  The judge also denied Ellsbury's request for a COA on the *Brady* issue.[2]

## DISCUSSION

Ellsbury contends the plea agreement waivers do not bar his *Brady* claim.  To that end, he argues the prosecution's failure to disclose Hill's attempts to coerce and intimidate Browning, as well as Hill's involvement in other incidents of alleged police misconduct, render his guilty plea and plea agreement involuntary.  But he fails to demonstrate how disclosure of the alleged police misconduct could have reasonably affected his decision to accept the terms of the plea agreement and plead guilty.

A COA is a jurisdictional prerequisite to our review of a denial of a motion for post-conviction relief under 28 U.S.C. § 2255.  28 U.S.C. § 2253(a), (c)(2); *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003).  We issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This means the applicant must present an issue, the proper resolution of which is debatable among reasonable jurists or "deserve[s] encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation marks omitted).  To make this determination, we undertake a preliminary, though not definitive, legal analysis of the applicant's claims.  *See Miller–El*, 537 U.S. at 338.

Although we have construed his pleadings liberally, *see Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003), Ellsbury has not made the required

---

[2]  The judge did, however, grant Ellsbury's request to proceed without prepayment of costs and fees on appeal.

showing. We generally enforce waivers of the right to post-conviction relief under 28 U.S.C. § 2255 when the claim for post-conviction relief "falls within the scope of the waiver." *United States v. Viera*, 674 F.3d 1214, 1217 (10th Cir. 2012); *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc). Of course, both the plea and "related waivers" must be made voluntarily. *United States v. Ruiz*, 536 U.S. 622, 628 (2002); *Viera*, 674 F.3d at 1217; *Hahn*, 359 F.3d at 1325. This means they must be made "'knowingly, intelligently, and with sufficient awareness of the relevant circumstances and likely consequences.'" *Ruiz*, 536 U.S. at 628 (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)). Ellsbury, as the party seeking to set aside the conviction and the guilty plea on which it was based, bears the burden of showing his plea was not voluntary. *See Hahn*, 359 F.3d at 1329.

The prosecution's failure to disclose information required under the constitutional principles announced in *Brady v. Maryland* can sometimes "render a defendant's plea involuntary." *United States v. Wright*, 43 F.3d 491, 496 (10th Cir. 1994). But, "the Constitution does not require the prosecutor to share all useful information with the defendant." *Ruiz*, 536 U.S. at 629. Indeed, the scope of the prosecution's disclosure obligations is circumscribed when a defendant waives his right to trial by pleading guilty. *Id.* at 628-31.

There are two key teachings from the cases in this area. First, the prosecution is not required "to disclose material impeachment evidence prior to entering a plea agreement with a criminal defendant." *Ruiz*, 536 U.S. at 633. Second, with respect to non-impeachment evidence, a movant challenging the voluntariness of his plea must

show "'that but for the failure to produce such information [he] would not have entered the plea but instead would have insisted on going to trial.'" *United States v. Walters*, 269 F.3d 1207, 1214 (10th Cir. 2001) (quoting *United States v. Avellino*, 136 F.3d 249, 256 (2d Cir. 1998)). For this purpose, we examine the potential persuasiveness of the withheld information objectively, rather than from the perspective of the movant. *Walters*, 269 F.3d at 1215.

Ellsbury does not explain how disclosure of Browning's alleged coercion and intimidation could have made any difference in his decision to plead guilty. On the contrary, our review of the record suggests Browning had no knowledge relevant to the prosecution's case. In its representations to the court, the prosecution indicated no need or desire to use Browning as a trial witness. Indeed, the methamphetamine Ellsbury was charged with possessing was found on his person at the time of his arrest on an outstanding warrant; the prosecutors planned to call only the arresting officers to establish the elements of the crime.

Moreover, Ellsbury has cited no record evidence to show Officer Hill was actually involved in his arrest. Nor have we uncovered such evidence in our review of the record. Further, if Hill had been involved in Ellsbury's arrest, Ellsbury alleges no misconduct in connection with the arrest. In short, disclosures related to the alleged police misconduct could not have aided Ellsbury in establishing his innocence; therefore, any evidence of police corruption would have been useful only to impeach police witnesses.

Because the prosecution had no obligation to disclose impeachment evidence, *see Ruiz*, 536 U.S. at 631, 633, Ellsbury possessed all the information he needed to make a

voluntary decision to plead guilty and to accept the plea agreement.  Under these circumstances, no reasonable jurist would debate the propriety of enforcing the post-conviction relief waiver contained in the plea agreement.[3] *See Slack*, 529 U.S. at 484. We DENY Ellsbury's application for a COA and DISMISS.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge

---

[3] Because enforcement of the post-conviction relief waiver in the plea agreement forecloses us from granting Ellsbury the relief he requests, we need not examine whether the district court correctly concluded his motion was also untimely.