**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 6, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JAYSON MICHAEL PAUL DAHL,

Defendant-Appellee.

No. 14-4087
(D.C. No. 2:13-CV-00830-TC)
(D. of Utah)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **LUCERO**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.[**]

Jayson Michael Paul Dahl, a federal prisoner, seeks a certificate of appealability (COA) to appeal the denial of his 28 U.S.C. § 2255 petition. He contends that the district court abused its discretion in denying him discovery and an evidentiary hearing. Exercising jurisdiction under 28 U.S.C. § 1291, we deny a COA and dismiss this appeal.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

# I. Background

Dahl pleaded guilty to federal charges of possession of methamphetamine with intent to distribute and was sentenced to 92 months' imprisonment. At no point in his criminal case did Dahl challenge the officers' version of the events leading to his arrest or raise a constitutional challenge. He did not file a direct appeal.

He filed this habeas petition, however, after discovering several of the officers involved in his arrest were under investigation for corruption and one officer had a criminal history. The government's failure to disclose this evidence, he argued, was a violation of his right to obtain exculpatory evidence as required by *Brady v. Maryland*, 373 U.S. 83 (1963). He claims if he had obtained this evidence he would not have pleaded guilty, thus rendering his plea involuntary. Dahl also moved for discovery of the employment and disciplinary records of the officers.

The district court denied Dahl's discovery request and later denied his habeas petition without holding an evidentiary hearing. The district court also denied Dahl's request for a COA.

## II. Discussion

Dahl now asks this court for a COA on the issue of whether the district court erred in denying discovery and a hearing.[1] We review both denials for abuse of discretion, *United States v. Flood*, 713 F.3d 1281, 1290 (10th Cir. 2013), and we will not issue a COA absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The district court did not abuse its discretion in ruling on Dahl's petition without holding an evidentiary hearing. Section 2255 does not require an evidentiary hearing where "the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also Flood*, 713 F.3d at 1291. After careful review, we find the record below conclusively establishes Dahl is not entitled to relief.

While we have recognized that "under certain limited circumstances, the prosecution's violation of *Brady* can render a defendant's plea involuntary," *United States v. Wright*, 43 F.3d 491, 496 (10th Cir. 1994), the government's duty to disclose in the context of a guilty plea extends only to material exculpatory evidence. *See United States v. Ruiz*, 536 U.S. 622, 633 (2002); *see also United States v. Ellsbury*, 528 F. App'x 856, 858 (10th Cir. 2013). The district court

---

[1] Dahl sought a COA from the district court on a third issue, "[w]hether the government's withholding of exculpatory and impeachment evidence justifies relief." R., Vol. I at 136. This issue is absent from Dahl's application for a COA in this court, *see* Aplt. Br. at 1, and we limit our review accordingly.

-3-

found the evidence of the alleged officer misconduct was best characterized as impeachment evidence and thus the government had no duty to disclose.

On appeal, Dahl argues the evidence is also material exculpatory evidence because it would have been admissible under Federal Rule of Evidence 404(b) as proof of the officers' motive and plan. Specifically, he contends that had this evidence been available to him, he would have foregone a guilty plea and sought to suppress the methamphetamine. As the basis for suppression, he alleges for the first time in this collateral proceeding that the traffic stop, the subsequent searches of his car and home, and his interrogation were plagued by constitutional infirmities. He did not seek suppression initially, he claims, because he did not think a judge would believe him, a criminal and a drug addict, over police officers.

We need not determine whether the alleged evidence of the officers' past conduct is exculpatory—a proposition we find doubtful[2]—because whether

---

[2] While not binding precedent, in *United States v. Dighera*, 217 F. App'x 826, 828 (10th Cir. 2007), a panel of this court found that evidence of officers' alleged prior misconduct would at best provide the defendant impeachment evidence. *See also Ellsbury*, 528 F. App'x at 859 ("In short, disclosures related to the alleged police misconduct could not have aided Ellsbury in establishing his innocence; therefore, any evidence of police corruption would have been useful only to impeach police witnesses.").

Moreover, although we need not reach the extent to which evidence used in a suppression hearing is exculpatory for *Brady* purposes, we note that Dahl's only proposed use of the evidence is in a hypothetical suppression hearing. He does not contend, for example, that he would have proceeded to trial or that the

(continued...)

characterized as exculpatory or impeaching, we agree with the district court that the evidence was not material to Dahl's guilt or punishment. To establish a *Brady* violation, the evidence must not only be favorable to the defendant as exculpatory evidence, it must also be material to the defendant's guilt or punishment. *United States v. Walters*, 269 F.3d 1207, 1214 (10th Cir. 2001); *see also Ellsbury*, 528 F. App'x at 858. "In the context of an attack on the validity of a plea, evidence is considered material where there is a reasonable probability that but for the failure to produce such information the defendant would not have entered the plea but instead would have insisted on going to trial." *Walters*, 269 F.3d at 1214 (internal quotation marks omitted). This is "an objective inquiry that asks not what a particular defendant would do but rather what is the likely persuasiveness of the withheld information." *Id.* at 1215.

Dahl points to no objective evidence that, had he obtained this evidence, he would have foregone the plea and gone to trial, or as he argues, forgone his guilty plea and filed a suppression motion. As the district court noted, Dahl "did not challenge the officers' statements during his criminal case or in the [p]resentence

---

[2](...continued)
evidence would tend to establish his innocence of the crime to which he pleaded guilty. And "[s]uppression hearings do not determine a defendant's guilt or punishment, yet *Brady* rests on the idea that due process is violated when the withheld evidence is material to either guilt or punishment.'" *United States v. Lee Vang Lor*, 706 F.3d 1252, 1256 n.2 (10th Cir. 2013) (quoting *United States v. Bowie*, 198 F.3d 905, 912 (D.C. Cir. 1999)) (internal quotation marks omitted); *see also id.* ("Whether *Brady*'s disclosure requirements even apply at the motion to suppress stage is an open question.").

report." R., Vol. 1 at 133. There is no hint in the record that Dahl ever alleged the officers violated his constitutional rights until now. Nor is the evidence so persuasive on its face that it "could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." *Kyles v. Whitley*, 514 U.S. 419, 435 (1995). Accordingly, the evidence is not material and the district court did not abuse its discretion in denying relief without holding an evidentiary hearing. We therefore deny a COA on this issue.

For much the same reason, we find no abuse of discretion in the district court's denial of discovery. As a habeas petitioner, Dahl, "unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Curtis v. Chester*, 626 F.3d 540, 549 (10th Cir. 2010) (quoting *Bracy v. Gramley*, 520 U.S. 899, 904 (1997)). A district court may, in its discretion, grant discovery on a § 2255 motion if "a petitioner has shown good cause for discovery—that is, has set forth good reason to believe he may be able to demonstrate he is entitled to relief." *Id.*; *see also Wallace v. Ward*, 191 F.3d 1235, 1245 (10th Cir. 1999). Because we just determined the evidence sought was not material to Dahl's guilt or punishment, we agree that there was not good cause to order discovery.

We deny a COA on this issue.

## III.  Conclusion

For the foregoing reasons, we DENY a COA and DISMISS this matter.

ENTERED FOR THE COURT,

Timothy M. Tymkovich
Circuit Judge